UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAPITOL INDEMNITY CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:04-cv-644-VSS/DFH |
| ) | |
| COALE ENTERPRISES, INC., d/b/a ) | |
| UNITED SECURITY ALARMS, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the court on the motion for summary judgment filed by defendant Coale Enterprises, Inc., d/b/a United Security Alarms ("United Security").  The motion is fully briefed, and the court, being duly advised, **DENIES** the motion for the reasons set forth below.

The issue presented in the motion is whether plaintiff Capitol Indemnity Corp. ("Capitol") has a duty to defend its insured, United Security, in an action brought against it by Pfizer Corporation.  The court previously has ruled that the "Alarm Installation, Service, Repair or Monitoring Errors and Omissions/Professional Liability Coverage" provision (hereinafter "Alarm Coverage Provision") of the Commercial General Liability Coverage insurance policy issued to United Security by Capitol ("the Policy") is applicable to the claims asserted by Pfizer, Inc., in its suit against United Security.  The Alarm Coverage Provision does not expressly provide for a duty to defend; nor is there any such express language in the Policy that is applicable to the Alarm Coverage Provision.  Nonetheless, United Security argues that the duty to defend should be implied because it had a "reasonable expectation" that Capitol would provide it with a defense, given that the Policy requires United Security to give Capitol notice of any claim or suit and cooperate with Capitol "in the investigation or settlement of the claim or

defense against the 'suit.'"

United Security's argument is untenable. "Contracts of insurance are governed by the same rules of construction as other contracts." *Bowers v. Kushnick*, 774 N.E.2d 884, 887 (Ind. 2002). "An insurer's duty to defend, being contractual, is determined by the language in the policies." *Great Lakes Chemical Corp. v. International Surplus Lines Ins. Co.*, 638 N.E.2d 847, 852 (Ind. App. 1994). "If there is no contract to defend, there is no duty to defend. Since the contract terms govern the duty, an insurance policy may relieve the insurer of any duty to defend, or give the insurer the right, but not the duty, to defend." 14 Couch on Insurance 3d. § 200:5 (1999) (footnotes omitted). The insured's contractual duty to cooperate with the insurer is independent of the duty to defend, and it is not inconsistent for an insurance contract to contain a duty to cooperate but not a duty to defend. *See Waste Management, Inc. v. International Surplus Lines Ins. Co.*, 579 N.E.2d 322 (Ill. 1991). Indeed, "[e]ven the right to assume control of the defense carries with it no duty to participate in the defense." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 536 F.2d 730, 736 (7th Cir. 1976) (case involving California law).

The Policy does not provide for a duty to defend for claims covered by the Alarm Coverage Provision. Accordingly, United Security's motion for summary judgment is **DENIED** on the duty to defend issue, and summary judgment is **GRANTED** in favor of Capitol on that issue. The court will enter a declaratory judgment this date consistent with this ruling and with its earlier ruling on Capitol's motion for summary judgment.

SO ORDERED:

_V. Sue Shields_
V. Sue Shields, Magistrate Judge

Copies to: 07/15/2005

2

James R. Browne, Jr
GOODIN ABERNATHY & MILLER
jbrowne@gamlawyers.com; lkruger@gamlawyers.com

James A Goodin
GOODIN ABERNATHY & MILLER
jgoodin@gamlawyers.com mhiatt@gamlawyers.com

Robert L. Wright
WRIGHT SHAGLEY & LOWERY
rwright@wslfirm.com cnewlin@wslfirm.com;trobertson@wslfirm.com